The second is the idea that the party would have to engage in predatory pricing in order for it to be useful. That's not true either. Pricing information would be useful if you're computing at all. And then the third, which I think may capture it the most clearly, if a court considers appendix page 1001, you will see two sets of information. On the right-hand side, you will see the capacity information, which is historical by the definition of the First Amendment Committee. That information she found, this portion you referred to, Judge Prost, she found that to be, it's A1009, I'm sorry, it's historical information, but even though it was historical, she found that in the hands of the suppliers, because of what we said in our declarations, it would be a competitive disadvantage to us and a competitive advantage to them. Two columns over is this pricing information. Pricing information that didn't form the basis for any of the damages determinations, but very specific on margins, what are indirect costs, what are direct costs, what are allocated costs, what the margins are. I think the fact that there's not a formula actually is an apple saver, because no one can sort of disassemble it and come to it on their own. Each of those three respectfully were incorrect and clearly incorrect on the facts that were before her. And I say, we don't say this lightly, because she made a host of rulings, many of which were not before the court, some of which will be before this court later. But on these three, we suggest, we believe that it was error. The same in the market surveys. What the court found is market surveys could be conducted by other people, they could get the same data. But they couldn't get the same data, because they don't know who Apple's current customers are. They don't know the questions that Apple asked. And most importantly, in that 488 pages, they don't know what Apple's conclusions were. Could I ask one question unrelated to anything we've been talking about, but related to how you got here? And it's of importance, obviously, whether this should be viewed as a mandamus case or as a Cohen appeal. What is your view as to the best way for this court to look at this proceeding? I think that I would say this. I think that it has a collateral order, which is appealable, which is the way most of the other circuits have viewed the issue. But not against the Ninth Circuit, is that right? At least in some cases. At least in some cases. But I think if you take the three-part test, it is an order that conclusively resolves the issue. It is collateral to the merits. And if it's not decided, it's over. But that's your suggested course of proceeding? It is. And I think, but let me, I'm sorry. Judge Cope, interestingly, you say she ordered you to appeal, but she didn't enter a finding under 1292B that described the importance of the issue or the fact that it was something that would be appropriate for immediate review, did she? No, she did not do a 1292B certification. So I think it would be a collateral order alternatively treated as mandamus. I think what I would say this, and this is my final point, I think what Judge Cope recognized is that this was an important issue to the case, and she was trying to resolve it during the course of the trial. She also has recognized subsequently that it's important to what's left of the case. She also, honestly, has recognized it in the second case by waiting for this court's determination. And I think the issue has immense implications, particularly if anything that gets filed in a patent litigation becomes subject to public disclosure. That is going to have really significant impacts on access to the courts for people trying to resolve really legitimate, and there were claims going both ways here, intellectual property disputes. If the price of that is that because of interest in the parties or interest in the case, everything that you file then becomes public, there are a lot of folks who are just not going to invoke the courts to enforce intellectual property rights, and that would be to all of our disdain. Very briefly, Your Honors. First of all, I concur with Mr. Lee that this is a collateral order case, but to the extent the court doesn't want to treat it that way, we respectfully request it be treated as a mandamus petition because the harm is imminent. I want to make three points on rebuttal. First, there's no dispute under Ninth Circuit law that financial data, confidential financial information of the parties is a trade secret. It's the In Re Electronic Arts case that Judge Koh considered, and there are many, many district court cases going that way, so amici cannot legitimately dispute that it is trade secret information. Secondly, amici during the argument admitted that there are some instances where information has to be sealed. That is why there is jurisprudence about the rules of sealing information. In this case presents such instance where very narrow, very specific, exerted financial data needs to be sealed to avoid harm to the parties. It meets the compelling reason standard, and it meets the standard here of the court abusing its discretion in not finding so. The public interest that was identified before the argument was the access to the courts. Knowing these specific financial numbers would not aid any of the parties, any of the public's understanding of the process of this trial or how this case came to what it came. By contrast, disclosure of very specific profit margin, pricing, and cost data would be detrimental from perspective of both competitors and vendors who will get unfair bargaining advantage from knowing that data. And finally, I cannot overstate the point that Mr. Leal already made, which is the chilling effect of this rule would have if the parties could not seal the highly confidential data, because such data is a cornerstone of the damages reports in patent cases. It's practically always sealed in district courts, and if the parties cannot rely on the rule knowing that they can seal this information protected from competitors, it would discourage a number of litigants from seeking redress in court. If you have any questions for me, I'm happy to answer them. Thank you. We thank all the parties for their arguments.